UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
RAMON CASTILLO

                      Plaintiff,         2012 Civ. No.
                                      COMPLAINT
                                      (JURY TRIAL DEMANDED)

            -against-

THE CITY OF NEW YORK (CITY), THE
NEW YORK CITY POLICE DEPARTMENT
(NYPD); AND POLICE OFFICERS OF THE
CITY OF NY INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY AS NEW YORK CITY
POLICE OFFICERS, POLICE OFFICER AND
OTHER POLICE OFFICERS
WHOSE IDENTITIES ARE
UNKNOWN AT THE PRESENT TIME.

                      Defendants.

-------------------------------------------------------X

    Plaintiff, RAMON CASTILLO, by and through his attorney, Andres Manuel Aranda, Esq., respectfully shows to this Honorable Court and alleges as follows:

## INTRODUCTION

    1. This is an action commenced by Plaintiff for money damages against defendants for committing acts within the scope of their employment and under color of law and depriving plaintiff of his rights secured and guaranteed by the Constitutions and laws of the United States and the State of New York. This action also seeks damages against the defendant City of New York as respondeat superior for the action and inactions of its agents and employees, whether intentional or otherwise or whether through negligence, indifference, carelessness, or wantonness.
    Plaintiff alleges that defendants through its Police Department and its Police Officers, deprived him of the Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, his 14th Amendment due process rights were violated, he was arrested without probable cause, EXCESSIVE AND UNNECASSARY FORCE BEING USED TO EFFECT Mr. CASTILLO'S unlawful and illegal arrest; he was Maliciously Prosecuted, forced to sustain pain and suffering as well as psychological and emotional distress. Furthermore, the Plaintiff was viciously and maliciously assaulted, battered and abused, both physically and mentally, by the defendant Police Officers and their agents, all acting within the scope of their employment and in

furtherance of the business of the defendants City of New York and the New York City Police Department.

This action has been commenced within three years after plaintiff's claim arose by reason of the favorable termination of the criminal prosecution in favor of the plaintiff. Plaintiff had been arrested on MAY 11, 2009 and the case was dismissed and sealed on or about MAY 13TH, 2009 when the District Attorney of New York County declined to prosecute the matter after reviewing same and determining that there was no probable cause to arrest Mr. CASTILLO and that no crime had been committed.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. Sections 1983 and 1985, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.
3. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1341(1-4) and 2202.
4. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b).

## NOTICE OF CLAIM

5. A Notice of Claim was filed.

## JURY DEMAND

6. Plaintiff demands a trial by jury in the within action.

## PARTIES

7. Plaintiff, RAMON CASTILLO, is an American Citizen residing at 625 WEST 138TH STREET, NEW YORK NY 10031
8. Defendant City of New York (CITY) is a municipal corporation organized under the laws of the State of New York and the public employer of the police officers named herein as defendants in this action.
9. Defendant New York City Police Department is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.
10. At all times relevant herein, defendant Police Officers, whose identities are unknown at this time, were police officers assigned to the 30TH and/or 26th precinct, acting as agents, servants and employees of the defendant City and NYPD, in furtherance of the scope of their employment and under color of law; to wit under color of statutes, ordinances, regulations, policies, customs and usages of the CITY and the NYPD.
11. At all times relevant herein, said Police Officers, were Police Officers employed by the New York City Police Department, acting under color of law and within the scope of her employment as a New York City Police Officer, duly authorize by the City of New

York to act on its behalf and acting on its behalf and in furtherance of said defendant City's business.

## FACTUAL ALLEGATIONS

12. On or about MAY 11, 2009 at approximately 500 hours in the morning, (5:00 A.M.), inside of an at 625 West 138th Street, within the City and County of New York, and within the Jurisdictional boundaries of the Southern District of New York, while Mr. CASTILLO was peacefully and lawfully sleeping inside a room of a rooming house, his residence, he was approached and brusquely woken up by members of the New York City Police Department, in uniform and out of uniform, on duty and acting as employees, servant and otherwise of the defendant City of New York, he was assaulted and arrested by said P.Os. all members of the NYC POLICE DEPARTMENT. Mr. CASTILLO was approached by the Police Officers, whose names and shield numbers, are unknown at this time; there were several male officers and one female officer who proceeded to assault him, battered him, threw him against a wall and to the ground and then handcuffed him, REMOVED HIM TO A PRECINCT WHERE HE WAS AGGRESIVELY QUESTIONED AND DETAINED. Thereafter he was taken to Central Booking, a stinky, foul smelling, dangerous and crowded place, where he remained deprived of his liberty for the next several days. He was eventually released after it was determined that he had not been involved in any criminality and that, therefore, no criminal charges would or could be filed against him.

13. At that time and place, the plaintiff was approached by the aforementioned officers who proceeded to twist his arms, throw him to the ground violently, hand cuff him, punch and kick him, all without probable cause and/or justification or provocation.

14. Mr. CASTILLO was then placed in a police vehicle and transported to a Police Precinct where he was processed for arrest. Thereafter, he complained of pain, headaches and dizziness. Mr. CASTILLO'S arrest, assault, and beating occurred at his place of residence and his neighbors saw him being removed from the premises in handcuffs, doing a "perp walk" out of his building.

15. Mr. CASTILLO was eventually taken to Central Booking. He was told that he would be charged possessing and selling drugs as well as with resisting arrest, and disorderly conduct. Mr. CASTILLO was never arraigned since the People declined to prosecute him. The New York County District Attorney's Office reviewed the matter and decided not to prosecute. However he remained incarcerated until the next, when he was released. In all, re remained approximately 68 hours behind bars. The defendant City of New York has and obligation and a duty to properly train and supervise both its police department, its individual officers, including the officers that arrested Mr. CASTILLO.

16. At the time that Mr. CASTILLO was set upon by the pack of Police Officers they found no contraband on him or near him nor had he broken any laws or ordinances of the City of New York, he was sound asleep in the arms of Morpheus. Mr. CASTILLO, upon questioning, indicated that he was employed, THAT HE HAD NO KNOWLEDGE OF ANY ILLEGAL ACTIVITY POSSIBLY GOING ON and that he was sleeping

peacefully at his place of residence and that he had not participated in any drug activity nor was he aware that anyone else in the apartment was so involved, all of which was verified by those civilians present. However, not believing him, and neglecting to perform a basic minimal investigation, such as consulting with any Undercover or Informants involved, the police brutalized him and arrested him, all without probable cause or justification and in violation of his right to be free from unreasonable police conduct. The defendant City has failed to investigate these actions, these police officers and their systematically improper conduct. Furthermore, Mr. CASTILLO'S civil rights under the New York State Constitution, the US Constitution and 42 USC Sections 1983 and 1985.

16. Mr. CASTILLO was denied his constitutional rights to be free from seizure, arrest, imprisonment and deprivation of movement without probable cause and due process of law.

17. The individual defendants, each and every one of them, are responsible personally and in their individual and official capacity for the violations of said rights.

17. The criminal case was dismissed after The New York District Attorney's Office reviewed the facts and circumstances leading to Mr. CASTILLO'S arrest. The New York County District Attorney's office, apparently and finally, after two almost three days, finally realized that Mr. CASTILLO had not committed any criminal act whatsoever, specially one that would justify his arrest and thus decided not to prosecute him.

18. This ordeal greatly traumatized Mr. CASTILLO who, as a result of this incident was beat up, assaulted, battered, incarcerated, humiliated and deprived of his freedom.

## DAMAGES

19. As a direct and proximate result of the said acts of the defendants, Mr. RAMON CASTILLO suffered the following injuries and damages:

   a. Violations of his rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States;

   b. Loss of physical liberty due to handcuffing and incarceration;

   c. Humiliation, embarrassment and injury to reputation;

   d. Pain and suffering as a result of being hit across the face with a Police Baton or Night Stick, slammed TO THE WALL, punched and kicked by members of the NYPD who also placed their knees on the Mr. CASTILLO'S back in a violent manner intended to either brake his back or cause him excruciating pain all causing Mr. CASTILLO to seek medical attention;

   e. Defendant's wrongful deprivation of Plaintiff's rights under color of State Law and violations of the same rights under 42 USC Sections 1983 and 1985.

   f. The defendant Police Officers, each and every one of them, used excessive and unnecessary force while effectuating the unlawful and illegal arrest of Mr. CASTILLO.

   g. Mr. CASTILLO suffered psychological pain and suffering as a result of being handcuffed, incarcerated, falsely accused and maliciously prosecuted;

   h. In addition Mr. CASTILLO was exposed to the dangers of being held at New York Central Booking, commonly referred to as "The Tombs", a smelly, dangerous, crowded place full of criminals AND DEPRAVED INDIVIDUALS.

## CAUSES OF ACTION

### COUNT ONE
42 U.S.C. Sections 1981 and 1983- FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS: FALSE ARREST AND MALICIOUS PROSECUTION

20. Paragraphs 1-17 are incorporated by reference as though fully set forth.

21. Plaintiff did not commit, either before or at the time he was unlawfully arrested, imprisoned, prosecuted and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. Section 1983 and the Constitution of the State of New York, any illegal act. The Fourth Amendment protects citizens against unreasonable searches and seizures. The Plaintiff herein, RAMON CASTILLO, claims that his detention, search and arrest was unlawful because it was done without probable cause to believe that HE had committed a crime. In fact he told the arresting officers that HE WAS PEACEFULLY AND LAWFULLY SLEEPING AT HIS RESIDENCE, A ROOMING HOUSE, WHICH FACT WAS VERIFIED BY THOSE PRESENT.

22. As a direct result of the defendants', their agents, servants and employees, illegal actions and conduct, the Plaintiff was arrested and imprisoned, until ha was released, some thirty hours later.

23. That on or about MAY 11, 2009 at 5:00 am o'clock in the evening, while the Plaintiff was peacefully, calmly and decently in his bed, within his residence, and within the confines of the Southern District of New York, he was set upon by a pack of police officers who abused him physically, verbally and psychologically, thereafter, arresting him without probable cause or justification. This occurred at 625 West 138th Street, NY N Y, a location within the judicial boundaries of the Southern District of NY. The Plaintiff was falsely accosted and arrested, was taken to the 26th Police Precinct and thereafter to Central Booking. Later on, he was released, after spending approximately 48 hours deprived of his liberty. All of this without any probable cause, just right, justification or grounds therefore.

24. As a result of the defendants' actions, the Plaintiff was unjustly, maliciously and wantonly deprived of his liberty.

25. That the defendants, police officers, acting under color of authority, and as agents of the defendants City of New York and the defendant New York City Police Department did not have any probable cause whatsoever to arrest, detain, hold, prosecute, assault, batter, humiliate or cause psychological damage to Mr. RAMON CASTILLO AND SAID DEFENDANTS USED EXCESSIVE FORCE WHILE ARRESTING Mr. CASTILLO.

26. That at all times herein mentioned, the defendants Police Officers, were employed in their respective capacities by the defendants City and the New York City Police Department and were acting under color of their official capacity and their acts were performed under color of the policies, statutes, ordinances, rules and regulations of the CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT.

27. That at all times hereinafter mentioned, defendants, Police Officers were acting under color of law in their official capacity as New York City Police Officers, individually and jointly.

28. That during all times hereinafter mentioned, the defendant police officers and each of then, separately, and in concert, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the City and the defendants herein, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the plaintiff, RAMON CASTILLO, and deprived plaintiff of the rights, privileges and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States to wit: to be free from warrant less searches and arrest without probable cause. The defendants' actions played a substantial role in bringing about a deprivation of the Fourth Amendment's right to be free of unreasonable search and seizure and restraint on his liberty without due process, and arrests without probable cause. All of the named defendants acted with malice.

## Second Cause of action

29. The plaintiff repeats and reiterates paragraphs one through 26 herein.

30. The defendants, each and everyone on them, maliciously prosecuted the Plaintiff causing him to have to hire an attorney and to appear in Court on a number of occasions.

31. That because of the malicious prosecution of the defendant, he was caused to be anxious, in fear of going to jail and loosing his liberty; and was stressed to the point of not sleeping at night worrying for his future.

32. That as a result of the malicious prosecution on the part of the defendants, plaintiff spent OVER FORTY-EIGHT hours incarcerated, deprived of his liberty and freedom of movement and worried that he might go back to jail unjustly and unjustifiably.

## Third Cause of Action

33. Plaintiff repeats and reiterates paragraphs one through 32 herein.

34. That at the time that he was arrested, plaintiff was assaulted, battered, handcuffed, punched and kicked by the defendants who were then acting in their official capacity as Police Officers of the New York City Police Department, employees of the City of New York.

35. That as a result of the vicious beating that Plaintiff received at the hands of the Defendants, he sustained pain, suffering trauma, contusions, black and blues, pain, suffering, humiliation, degradation, lost two days of work, all done under color of law and without probable cause or justification. Furthermore, Mr. CASTILLO had to go to the Doctor and could not work for several days.

## Fourth Cause of Action Federal Civil Rights Claims

37. The acts of the NYPD, POs and the various Jane Does and John Does were committed under their authority as members of the NYPD AND AS Police Officers vested under and by virtue of the Laws of the State of New York, and were, therefore, committed under color of state law.

38. The defendant City knew of the need for additional training, screening, supervising and disciplining its police force in order to keep them from ignoring the innocence of Mr. CASTILLO and those similarly situated, including the public at large; training its police force to refrain from filing false accusatory instrument, from ignoring the civil rights of defendants, falsely arresting defendants, assaulting defendants and maliciously prosecuting them.

39. The defendants deviated from accepted practices and failed to conduct an a proper inquiry when arresting Mr. CASTILLO for crimes he had not committed when required to do so. They ignored evidence demonstrating the innocence of the plaintiff and wrongfully arrested him and failed to conduct even a minimal investigation to determine if any criminality attributable to Mr. CASTILLO had been committed either by him or by someone else acting on his behalf and/or as his agent.

40. The said City failed to adequately provide for screening, training, supervising and disciplining of police officers with respect to they above mentioned issues. This was done through callousness, intentional and deliberate indifference. This type of intentional conduct and deliberate indifference is evidence by decisions of the courts of the state of new york indicating that they NYPD and its employees engage in various acts of misconduct including but not limited to; falsification of evidence, withholding evidence of innocence, giving false testimony, filing false documents and generally failing to act in a reasonable just fair professional honest manner. These cases and rulings include the following:

>Riddick v City of New York, 722 NYS 2d294, 4A.D.3d242 (1st Dept 2004)
>Bonefant v Kelly, 759 NYS 2d87, 306 A.D.2d108 (1st Dept 2003)
>Wagner v Kerik, 748 NYS 2d860, 298 A.D.322 (1st Dept 2002)
>Seligson v Kerik, 744 NYS 2d 655, 295 A.D. 2d262 (1st Dept 2002)

41. By virtue of the decisions referred above and other information and court decisions, the NYPD and the City knew the need for adequate screening, training , supervision and disciplining of its employees was and is compelling because of the overriding credo of the police department to make arrests.

Fifth Cause of Action Municipal Liability

42. Plaintiffs repeats and re-alleges paragraph one through 40.

43. At all times hereinafter relevant, the NYPD and the Police Officers involved herein, were acting within the scope of their employment and/or as a policy maker for the City of NY.

44. To the extent applicable, the City of NY is liable as respondeat superior for said defendants' actions.

45. The defendant City knew or should have known of the Police Officers defendants' propensity to engage in illegal and negligent acts as detailed above and it failed to address or correct such acts.

46. The City of NY and the NYPD maintained a policy and practice of arresting innocent individuals and of prosecuting them without probable cause.

47. The City was negligent in the operation and supervision of its Police Department and by this negligence and inaction it deprived Mr. CASTILLO of his Constitutional rights under the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments.

49. The City failed to take adequate steps to train, discipline, supervise or otherwise correct the illegal conduct o the defendant police officers and/or as a matter of policy and practice has with deliberate indifference and negligence, failed to take steps to uncover and/or correct such conduct, causing the plaintiff's injuries.

50. The injuries suffered by Mr. CASTILLO were caused by each and every one of the policies and practices of the defendants as set forth herein.

51. The actions of the defendants including the City of NY and the NYPD RESULTED IN THE DEPRIVATION OF Mr. CASTILLO'S rights under the Fourth, fifth, Sixth, Eight and Fourteen Amendments to the US Constitution.

That by reason of the aforesaid, the Plaintiff has been damaged in the sum of FIFTY MILLION DOLLARS($50,000,000.00)

WHEREFORE, plaintiff requests and demands JUDGMENT as against all of the defendants, individually and jointly as follows:

1. Award compensatory damages in the amount FIFTY Million Dollars on each cause of action;

2. Punitive damages in the sum of ten million dollars;

3. For reasonable attorneys' fees, together with costs and disbursements pursuant to 42 U.S.C. Section 1988 and the power of this Court;

4. Pre judgment interests as allowed by law;

5. For such and other and further relief as to this Honorable Court may deem just and proper.

Dated: Bronx, New York

Respectfully submitted,

ANDRES MANUEL ARANDA
930 Grand Concourse, Suite 1A
Bronx, New York 10451
1-718-514-9765
(718) 541-9241
(718) 541-9244
amarandawill.c.u@g-mail.com

DESIGNATION OF AGENT FOR ACCESS TO SEALED
RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, RAMON CASTILLO, Date of Birth 1/20/66
SS# 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, pursuant to NYCPL § 160.50[1][d], hereby designate _____ Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of New York v. _____, Docket No. or Indictment No. _____, in _____ Court, County of _____, State of New York, relating to my arrest on or about 05-11-09, may be made available for use in Civil Action _____, _____ (S.D.N.Y.).

I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

Ramon Castillo
SIGNATURE

STATE OF NEW YORK         )
                         : SS.:
COUNTY OF New York       )

On this 28th day of January, 2012 before me personally came Ramon Castillo me known and known to me to be the individual described in and who executed the foregoing instrument, and __ acknowledged to me that __ executed the same.

Indira E. Polanco
NOTARY PUBLIC

INDIRA E POLANCO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PO6216214
Qualified in New York County
My Commission Expires January 1ᵗ, 2014

May 18, 2011